IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STANLEY UNDERWOOD, #195177, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09-CV-69-TMH |
| | ) | [WO] |
| | ) | |
| | ) | |
| HOUSTON COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Stanley Underwood ["Underwood"], a state inmate,

challenges actions taken against him by correctional officers at the Ventress Correctional

Facility.

Upon review of the complaint, the court concludes that summary dismissal of the

plaintiff's claims against the Houston County Jail is appropriate pursuant to the provisions

of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

A county jail is not a legal entity subject to suit or liability under section 1983. *See*

*Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court

---

[1]The court granted Underwood leave to proceed *in forma pauperis*. *Court Doc. No. 4*. A prisoner who
is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B)
which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that
the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks
monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

concludes that the plaintiff's claims against the Houston County Jail are due to be summarily

dismissed as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).  *Id.*

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Houston County Jail be dismissed with prejudice

in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Houston County Jail be dismissed as a defendant in this cause of action.

3. This case, with respect to the plaintiff's claims against the remaining defendants,

be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before February 25, 2009 the parties may file objections to this

Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*,

677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir.

1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*),

adopting as binding precedent all of the decisions of the former Fifth Circuit handed down

prior to the close of business on September 30, 1981.

      Done this 12th day of February, 2009.


                          /s/Charles S. Coody
                       CHARLES S. COODY
                       UNITED STATES MAGISTRATE JUDGE